Landon Lerner, Esq. (Bar No. 13368)
Lerner & Weiss
304 S. Jones Blvd.
Suite 592
Las Vegas, Nevada 89107
Tel: (818)986-0893
Email: landonl@lernerweisslaw.com

Kevin Valsi, Esq. (*Pro Hac Pending*)
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Telephone: (310) 590-3927
Email: kvalsi@taulersmith.com

Attorneys for Plaintiff
OUTLAW LABORATORY, LP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OUTLAW LABORATORY, LP, a Texas limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>TREPCO IMPORTS & DISTRIBUTION, LTD. D/B/A TREPCO WEST D/B/A TREPCO SALES COMPANY D/B/A KENNEDY WHOLESALE, a Michigan Corporation, DAVID WEBBER D/B/A WHOLE SCIENCE HEALTH D/B/A PASSION PLUS, an individual, HILAL SOHAM TOMA D/B/A CITY SMOKES & VAPORS, an individual, HIGUCHI DEVELOPER, INC., a Nevada Corporation, ALPHA SMOKE SHOP INC, a Nevada Corporation, | **CASE NO. 18-cv-369**<br><br>**COMPLAINT FOR:**<br>**(1) FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 43 (a)(1)(B)); AND**<br><br>**(2) VIOLATION OF THE CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)**<br><br>**[DEMAND FOR A JURY TRIAL]** |

COMPLAINT

MUKUND NAIK D/B/A JAY'S SMOKE SHOP & GIFT SHOP, an individual, RYAN STORE INC D/B/A A&A SMOKE SHOP, a Nevada Corporation, MIRACLE 21 CORPORATION D/B/A CIGARETTES FRAGRANCES, a Nevada Corporation, HIGH CLASS HOOKAH SHOP, L.L.C., a Nevada Limited Liability Company, JTR INCORPORATED D/B/A MR. BILL'S PIPE & TOBACCO COMPANY, a Nevada Corporation, and DOES 1 through 100, inclusive,

Defendants.

Plaintiff Outlaw Laboratory, LP, a Texas limited partnership ("OLP" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendants TREPCO IMPORTS & DISTRIBUTION, LTD. D/B/A TREPCO WEST D/B/A TREPCO SALES COMPANY D/B/A KENNEDY WHOLESALE, a Michigan Corporation ("Trepco"), DAVID WEBBER D/B/A WHOLE SCIENCE HEALTH D/B/A PASSION PLUS, an individual ("Passion Plus"), HILAL SOHAM TOMA D/B/A CITY SMOKES & VAPORS, an individual ("City Smokes"), HIGUCHI DEVELOPER, INC., a Nevada Corporation ("Higuchi"), ALPHA SMOKE SHOP INC, a Nevada Corporation ("Alpha Smoke"), MUKUND NAIK D/B/A JAYS SMOKE SHOP & GIFT SHOP, an individual ("JAYS SMOKE"), RYAN STORE INC D/B/A A&A SMOKE SHOP, a Nevada Corporation ("A&A SMOKE"), MIRACLE 21 CORPORATION D/B/A CIGARETTES FRAGRANCES, a Nevada Corporation ("Miracle"), HIGH CLASS HOOKAH SHOP, L.L.C., a Nevada Limited Liability Company ("High Class Hookah"), JTR INCORPORATED D/B/A MR. BILL'S PIPE & TOBACCO COMPANY, a Nevada Corporation ("Mr Bill's"), and DOES 1 through 100, inclusive, (collectively, the "Defendants"), and in support thereof avers as follows:

## INTRODUCTION

1. Defendants are engaged in a scheme to distribute and sell illegal "male enhancement" pills containing undisclosed pharmaceuticals to the general public. Specifically, Defendants offer for sale various sexual enhancement products, including but not limited to, Black Mamba, Black Panther, Grande X 5800, Libigrow XXX Treme, Triple PowerZEN Gold, Triple PowerZEN Plus, Rhino 7 Platinum 3000, Rhino 7 Platinum 5000, Rhino 8 Platinum 8000, Rhino 12 Titanium 6000, Super Panther 7k, OrgaZen 3500 and Stiff Nights (collectively, the "Enhancement Products"). All of the Enhancement Products have been the subject of laboratory testing and public announcements by the FDA, which found these products to contain hidden drug ingredients such as sildenafil (a prescription drug), desmethyl carbodenafil (an analogue

of sildenafil), dapoxetine (an unapproved anti-depressant drug) and tadalafil (a prescription drug), among other dangerous undisclosed ingredients.

2. The Enhancement products are distributed by Trepco, Passion Plus and Does 1-10 (the "Supplier Defendants") through a network of co-conspirators, named herein as co-defendants (the "Retail Defendants"), who own and operate independent businesses selling the Enhancement Products, and who profit from the sale of the illegal and dangerous products by making false statements including that the Enhancement Products are "all natural" and have limited side effects.  Aside from these patently false statements, Defendants have failed to disclose the true nature of the Enhancement Products to its customers, even though they are aware of the dangerous secret ingredients.

3. Plaintiff is the manufacturer of competing products called "TriSteel" and "TriSteel 8hour," which are DSHEA-compliant male enhancement products made in the United States and distributed for sale in all 50 US States.

4. The illegal male enhancement supplement industry has flourished in the shadows of intermittent enforcement of nutritional supplement laws.  In this regard, the FDA has issued several public notices regarding the use of sildenafil in over the counter "male enhancement" supplements, but has only taken action on a handful of cases.  The Supplier Defendants and the Retail Defendants have taken full advantage of this regulatory landscape, making significant profits selling dangerous products while openly engaging in illegal activity.

5. Thus, Plaintiff's only recourse is a civil action to protect the commercial interests recognized by the Lanham Act and to expose the civil conspiracy detailed herein.  As such, Defendants have knowingly and materially participated in a false and misleading advertising campaign to promote and sell its Enhancement Products, giving consumers the false impression that these products are safe when in reality, Defendants are well aware that the Enhancement Products contain hidden drug ingredients.

6. Defendants' false and misleading statements and advertising pose extreme health risks to consumers in at least two ways. First, Defendants mislead consumers into believing that the advice and authorization of a licensed medical professional is not required to mitigate or avoid the potentially life-threatening side effects, drug interactions and contraindications of the sildenafil and other drug ingredients hidden in the Enhancement Products. Second, by failing to inform consumers that the Enhancement Products contain sildenafil, consumers who know that their medical history and drug prescriptions make sildenafil consumption dangerous may nevertheless consume the Enhancement Products because they are not made aware they contain sildenafil.

7. Defendants have knowingly and materially participated in false and misleading marketing, advertising and labeling to promote and sell the Enhancement Products, giving consumers the false impression that these products are safe and natural dietary supplements when in reality Defendants know that the Enhancement Products contain artificially manufactured prescription drug ingredients that pose extreme health dangers when taken without the supervision of a licensed medical professional.

8. Such false and misleading marketing and advertising is extremely dangerous to individual consumers and harmful to the dietary supplement industry as a whole. Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance but who are not informed, or who are misinformed, of the serious dangers of using Defendants' Enhancement Products. Consumers of the Enhancement Products have little or no incentive to use natural, legitimate and safe sexual performance enhancement products, such as Plaintiff's TriSteel or TriSteel 8hour, until they are harmed or Defendants' Enhancement Products are taken off of the shelves. Defendants' continuing false, misleading, illegal and deceptive practices have violated the Lanham Act and have unjustly enriched Defendants at the expense of Plaintiff, and have harmed Plaintiff's commercial interests, including but not limited to, loss of revenue, disparagement and loss of goodwill.

9. Among other things, this action seeks to enjoin Defendants from the marketing and sale of any and all of the Enhancement Products, disgorgement of Defendants' profits, treble damages, punitive damages and attorneys' fees as Defendants are illegally and falsely marketing such products in violation of the Lanham Act and the Civil Racketeer Influenced and Corrupt Organizations Act of 1970.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction).

11. This Court has personal jurisdiction over Defendants because they have, directly or through their intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised their products, including but not limited to the Enhancement Products, in the United States, the State of Nevada and this district.  Defendants have purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district.

## PARTIES

13. Plaintiff Outlaw Laboratory, LP is a Texas limited partnership organized under the laws of the State of Texas.

14. Upon information and belief, Trepco Imports & Distribution, LTD. d/b/a Trepco West d/b/a Trepco Sales Company d/b/a Kennedy Wholesale is a Michigan Corporation with its principal place of business located at 1201 E Lincoln, Madison Hts, Michigan 48071.

15. Upon information and belief, defendant David Webber d/b/a Whole Science Health d/b/a Passion Plus is an individual with its principal place of business located at 2546 E Charleston Blvd, Las Vegas, Nevada 89104.

16. Upon information and belief, defendant Hilal Soham Toma d/b/a City Smokes & Vapors is an individual with its principal place of business located at 1775 E Tropicana Ave Ste 8, Las Vegas, Nevada 89119.

17. Upon information and belief, defendant Higuchi Developer, Inc. is a Nevada Corporation with its principal place of business located at 5151 Procyon St. Suite 108, Las Vegas, Nevada 89118.

18. Upon information and belief, defendant Alpha Smoke Shop, Inc. is a Nevada Corporation with its principal place of business located at 3250 N Tenaya Way Ste 101, Las Vegas, Nevada 89032.

19. Upon information and belief, defendant Mukund Naik d/b/a Jay's Smoke Shop & Gift Shop is an individual with its principal place of business located at 3266 N Las Vegas Blvd, Las Vegas, Nevada 89115.

20. Upon information and belief, defendant Ryan Store Inc d/b/a A&A Smoke Shop is a Nevada Corporation with its principal place of business located at 1040 E Flamingo Rd. Ste E, Las Vegas, Nevada 89119.

21. Upon information and belief, defendant Miracle 21 Corporation d/b/a Cigarettes Fragrances is a Nevada Corporation with its principal place of business located at 4270 Blue Diamond Rd., Ste 106, Las Vegas, Nevada 89139.

22. Upon information and belief, defendant High Class Hookah Shop L.L.C. is a Nevada Limited Liability Company with its principal place of business located at 5651 S Grand Canyon Dr, Ste 120, Las Vegas, Nevada 89148.

23. Upon information and belief, defendant JTR Incorporated d/b/a Mr. Bill's Pipe & Tobacco Company is a Nevada Corporation with its principal place of business located at 2575 Montessouri St., Ste 105, Las Vegas, Nevada 89117.

COMPLAINT

24. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-100, inclusive, and therefore sued these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

### Sildenafil

25. The FDA has approved sildenafil for treatment of erectile dysfunction. However, because of known side effects, drug interactions and contraindications, the FDA has deemed sildenafil to be a prescription drug that can only be administered under the supervision of a medical professional.

26. The serious side effects of sildenafil include, for example, priapism (i.e., prolonged penile erections leading to tissue death and potential permanent erectile dysfunction), severe hypotension (i.e., low blood pressure), myocardial infarction (i.e., heart attack), ventricular arrhythmias, stroke, increased intraocular pressure (i.e., increased eye fluid pressure), anterior optic neuropathy (i.e., permanent optic nerve damage), blurred vision, sudden hearing loss, and dizziness.

27. The serious negative drug interactions of sildenafil include, for example, (i) interacting with alkyl nitrites and alpha-1 blockers to cause angina and life-threatening hypotension, (ii) interacting with protease inhibitors to increase the incidence and severity of side effects of sildenafil alone, and (iii) interacting with erythromycin and cimetidine to cause prolonged plasma half-life levels.

28. In addition to these risks, contraindications of sildenafil include underlying cardiovascular risk factors (such as recent heart surgery, stroke or heart attack) since

consumption of sildenafil by individuals with these conditions can greatly increase the risk of heart attack.

29. Because of these dangerous side effects, drug interactions and contraindications, the advice and authorization of appropriate licensed medical professionals is absolutely crucial for the safe consumption of sildenafil. Without such safeguards, the consequences can be dire; the sale of mislabeled sildenafil in similar circumstances has led to multiple deaths reported in the media.

### Defendants' Conspiracy

30. The Supplier Defendants are wholesale suppliers and distributors of various sexual enhancement supplements, which are often imported from China, rarely disclose any manufacturer information on their packaging and contain hidden drug ingredients. The Enhancement Products are generally sold in single-pill form. The Supplier Defendants distribute the Enhancement Products through a network of co-conspirators, named herein as co-defendants (the "Retail Defendants"), who own and operate independent businesses selling the Enhancement Products, and profit from the sale of the illegal and dangerous products to consumers at a large markup on each pill.

31. The Supplier Defendants contact retailers such as the Retail Defendants and offer the Enhancement Products for sale. The Enhancement Products are high-margin products and as such are situated at or near the checkout counter. The Enhancement Products are all subject to FDA public announcements regarding their illicit contents; however, the Retail Defendants still participate in their sale, due to their profitability.

### Defendants' False Statements Regarding The Enhancement Products

32. City Smokes is the owner and operator of the retail location at 1775 E Tropicana Ave. Ste 8, Las Vegas, Nevada 89119, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Libigrow XXX Treme, Super Panther 7k and Stiff Nights.

33. Higuchi is the owner and operator of the retail locations at 3755 Las Vegas Blvd Ste 105, Las Vegas, Nevada 89109 and 320 Fremont St., Las Vegas, Nevada 89101, which advertise and offers for sale various sexual enhancement supplements, including without limitation, Rhino 12 Titanium 6000, Rhino 69, Libigrow XXX Treme and Rhino 8 Platinum 8000.

34. Alpha Smoke is the owner and operator of the retail location at 3250 N Tenaya Way Ste 101, Las Vegas, Nevada 89032, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 12 Titanium 6000, Super Panther 7K, Rhino 8 Platinum 8000, Rhino 7 Platinum 3000 and Libigrow XXX Treme.

35. Jays Smoke is the owner and operator of the retail location at 3266 N Las Vegas Blvd., Las Vegas, Nevada 89115, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Super Panther 7k, Libigrow XXX Treme and Rhino 69.

36. A&A Smoke is the owner and operator of the retail location at 314 S Decatur Blvd, Las Vegas, Nevada 89107, which advertises and offers for sale various sexual enhancement supplements, including without limitation, OrgaZen 3500, Rhino 8 Platinum 8000, Libigrow XXX Treme and Rhino 7 Platinum 5000.

37. Miracle is the owner and operator of the retail location at 4270 Blue Diamond Rd Ste 106, Las Vegas, Nevada 89139, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Libigrow XXX Treme, Rhino 7 Platinum 5000, Rhino 7 Platinum 3000 and Rhino 8 Platinum 8000.

38. High Class Hookah is the owner and operator of the retail locations at 5651 S Grand Canyon Dr Ste 120, Las Vegas, Nevada 89148 and 2400 S Jones Blvd Ste 15, Las Vegas, Nevada 89146 which advertise and offer for sale various sexual enhancement supplements, including without limitation, Triple Green, Rhino 8 Platinum 8000, Rhino 69 and Libigirl.

39. Mr. Bill's is the owner and operator of the retail location at 4441 W Flamingo Ave, Las Vegas, Nevada 89103, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 5000 and Rhino 8 Platinum 8000.

40. The Defendants commercially market, advertise, distribute, offer for sale and profit from the Enhancement Products. The Enhancement Products claim that they are "ALL NATURAL," a "NATURAL FORMULA," with "NO HARMFUL synthetic chemicals" and "NO PRESCRIPTION necessary." They also claim to offer "NO HEADACHE" and to have limited side effects. However, such claims are materially false and misleading. Contrary to Defendants' statements, recent FDA laboratory analyses have confirmed that the Enhancement Products contain sildenafil, a synthetic pharmaceutical with profound side effects, among other hidden drug ingredients.

41. Defendants' false statements and advertising pose extreme health risks to consumers in at least two ways. First, by stating that no prescription is necessary to consume the Enhancement Products, Defendants mislead consumers into believing that the advice and authorization of a licensed medical professional is not required to mitigate or avoid the potentially life-threatening side effects, drug interactions and contraindications of sildenafil hidden in the Enhancement Products. Second, by failing to inform consumers that the Enhancement Products contain sildenafil, consumers who know that their medical history and drug prescriptions make sildenafil consumption dangerous may nevertheless consume the Enhancement Products because they are unaware that they contain sildenafil.

42. Accordingly, Defendants' false and misleading advertising is extremely dangerous to individual consumers and harmful to the dietary supplement industry as a whole. Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance but who are not informed, or who are misinformed, of the serious dangers of using Defendants' Enhancement Products. The ubiquity of the

Enhancement Products, their relatively low cost to manufacture in comparison to natural products, and their dramatic pharmacologic effects makes it so that legitimate sexual performance enhancement products, such as TriSteel or TriSteel 8hour, struggle to obtain market share.

### Plaintiff's Dietary Supplements: TriSteel and TriSteel 8hour

43. Plaintiff OLP is a manufacturer of DSHEA-compliant dietary supplements. Plaintiff manufactures and offers for sale TriSteel and TriSteel 8hour, male sexual performance enhancement supplements that promote increased sexual desire and stamina. The ingredients in TriSteel are Epimedium Extract (leaves), Yohimbe Extract (8mg Yohimbine Alkaloids), Xanthoparmelia Scarbrosa Extract (Lichen), Gamma Amino Butyric Acid (GABA), L-Arginine, Gelatin, Cellulose, Magnesium Stearate and Silica. Plaintiff sells TriSteel and TriSteel 8hour in all 50 states through its website, as well as through many other online and storefront retail locations.

### CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

44. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

45. Defendants have knowingly and purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of the Enhancement Products by, without limitation, commercially marketing and claiming that the Enhancement Products that they sell are safe and natural "dietary supplements" that will enhance a consumer's sexual performance without requiring a doctor's prescription, all while purposefully omitting that (a) the Enhancement Products contain sildenafil and therefore cannot be "dietary supplements," (b) sildenafil is not naturally occurring, (c) sildenafil is a prescription drug requiring the prior authorization and supervision of a licensed medical professional, and (d) consumption of sildenafil without consultation and

advice from a licensed medical professional poses extreme health risks, including without limitation, hypotension, heart attack and death.

46. The use of such false, misleading and disingenuous marketing has the tendency to deceive a substantial segment of the public and consumers, including those in this district, into believing that they are purchasing a product with different characteristics.

47. This deception is material because: (i) it is likely to influence a consumer's purchasing decision, especially if the consumer (a) is looking for an all-natural sexual enhancement dietary supplement, (b) is purchasing the Enhancement Products out of an attempt to avoid Sildenafil because the consumer knows that Sildenafil poses special health risks given such consumer's medical history or current drug prescriptions, and/or (c) wants to avoid taking any prescription drugs, generally, but especially without the supervision of a licensed medical professional; and (ii) such decision could lead to dangerous and unanticipated health consequences for such consumers.

48. Defendants have introduced their false and misleading statements into interstate commerce via marketing and advertising on product packages and labels, and on display cases placed in retail locations in the state of Nevada.

49. Plaintiff has been injured as a result of Defendants' false and misleading statements. Specifically, Defendants' false and misleading advertising concerning the Enhancement Products has negatively impacted Plaintiff's sales of TriSteel and TriSteel 8hour because both products are intended for sexual performance enhancement and target the same consumers. Thus, Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendants and the loss of goodwill in Plaintiff's products. The ubiquity of the Enhancement Products, their relatively low cost to manufacture in comparison to natural products (like TriSteel and TriSteel 8hour), and their dramatic pharmacologic effects makes it so that legitimate sexual performance enhancement products, such as TriSteel or TriSteel 8hour,

struggle to obtain market share.  Moreover, Defendants conduct has created reputational damage in that Defendants' misconduct damages the marketplace as a whole and has the tendency to disparage Plaintiff's products and goodwill.

50. Defendants' actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

## SECOND CLAIM FOR RELIEF

### (Violation of the Civil Racketeer Influenced and Corrupt Organizations Act)

51. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

52. Defendants are engaged in an enterprise to defraud and mislead consumers by way of their false and misleading labeling and advertisements concerning the Enhancement Products, which they unlawfully distribute, market, and offer for sale knowing that the products contain illicit ingredients.  Thus, Defendants have a plan or scheme to defraud and intent to defraud.

53. Defendants have used the wires to further the scheme on multiple occasions in purchase orders sent and received and in the unlawful distribution of the Enhancement Products containing hidden drug ingredients.  For example, Higuchi repeatedly purchased Rhino 8 Platinum 8000, Rhino 12 Titanium 6000 and Libigrow XXX Treme from Trepco.  The Supplier Defendants have all engaged in similar transactions with the Retail Defendants.  The Retail Defendants in turn sell the Enhancement Products to the public at large using the wires.  Thus, Defendants have engaged in wire fraud as defined in 18 USC § 1961(1) & §1343.

54. As detailed above, Defendants mislabel, advertise, and offer for sale the Enhancement Products as "dietary supplements."  Defendants falsely claim that these

products are natural and do not require a prescription, among other misrepresentations. Defendants make these misrepresentations despite the fact that they know that such products unlawfully contain hidden prescription drug ingredients.

55. Indeed, Defendants fail to disclose that the Enhancement Products contain drug ingredients. The sale of products containing undisclosed drug ingredients (without requiring a prescription and without informing consumers of the health and safety risks of these drugs) is unlawful and seriously endangers consumers. In this regard, Defendants also fail to disclose any of the adverse health consequences of taking sildenafil. According to the FDA, these undisclosed ingredients may interact with nitrates found in some prescription drugs such as nitroglycerin and may lower blood pressure to dangerous levels, among other negative side effects.

56. Thus, Defendants market and sell the Enhancement Products using false and fraudulent labeling claims and representations, using the wires, in violation of federal law.

57. Defendants have knowingly imported, purchased, and sold the Enhancement Products to be delivered by commercial interstate carrier, including but not limited to, use of the mails in furtherance of their scheme to defraud and mislead consumers of their products.

58. Defendants have violated the substantive RICO statute, 18 U.S.C.A. § 1962, as detailed above by receiving income from a pattern of racketeering activity involving interstate commerce, wires, and electronic communications.

59. Plaintiff has been injured in its business or property by reason of Defendants' violation of section 1962 by, *inter alia*, the diversion of business from Plaintiff to Defendants who compete directly for the same customers. Moreover, the ubiquity of the Enhancement Products, their relatively low cost to manufacture in comparison to natural products (like TriSteel and TriSteel 8hour), and their dramatic pharmacologic effects makes it so that legitimate sexual performance enhancement

products, such as TriSteel or TriSteel 8hour, struggle to compete, directly hurting Plaintiff's business. The dangers of Defendants sale of the Enhancement Products, and its resultant harm to consumers, including multiple reported deaths in the media, has also injured Plaintiff's business by tainting the marketplace for male enhancement products as a whole.

## PRAYER

Wherefore, Plaintiff OLP prays for judgment against Defendants as follows:

60. For preliminary and permanent injunctive relief enjoining Defendants from producing, licensing, marketing, and selling any of the Enhancement Products, including but not limited to, Black Mamba, Black Panther, Grande X 5800, Libigrow XXX Treme, Triple PowerZEN Gold, Triple PowerZEN Plus, Rhino 7 Platinum 3000, Rhino 7 Platinum 5000, Rhino 8 Platinum 8000, Rhino 12 Titanium 6000, Super Panther 7k, OrgaZen 3500 and Stiff Nights;

61. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;

62. For an award of any and all of Defendants' profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;

63. For restitution of Defendants' ill-gotten gains;

64. For treble damages in accordance with 15 U.S.C. § 1117;

65. For treble damages in accordance with 18 U.S.C. § 1964;

66. For punitive damages;

67. For costs and attorneys' fees; and

///
///
///

68. Any other relief the Court may deem appropriate.

DATED: February 28, 2018         Lerner & Weiss

By: ___*/s/ Landon Lerner*___
     Landon Lerner
     *Attorneys for* Outlaw Laboratory, LP

COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:  February 28, 2018          Lerner & Weiss


By:  ___*/s/ Landon Lerner*_____
           Landon Lerner
           *Attorneys for* Outlaw Laboratory, LP