Landon Lerner (Bar No. 133678)
Lerner & Weiss
304 S. Jones Blvd.
Suite 592
Las Vegas, Nevada 89107
Tel.: (818) 986-0893
Email: Landonl@lernerweisslaw.com

Kevin Valsi, Esq. (*Pro Hac Vice*)
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, California 90017
Tel: (310) 492-5129
kvalsi@taulersmith.com

Attorneys for Plaintiff
OUTLAW LABORATORY, LP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OUTLAW LABORATORY, LP, a Texas limited partnership,

Plaintiff,

vs.

TREPCO IMPORTS & DISTRIBUTION, LTD. D/B/A TREPCO WEST D/B/A TREPCO SALES COMPANY D/B/A KENNEDY WHOLESALE, a Michigan Corporation, DAVID WEBBER D/B/A WHOLE SCIENCE HEALTH D/B/A PASSION PLUS, an individual, HILAL SOHAM TOMA D/B/A CITY SMOKES & VAPORS, an individual, HIGUCHI DEVELOPER, INC., a Nevada Corporation, ALPHA SMOKE SHOP

**CASE NO. 18-cv-369**

**AMENDED COMPLAINT FOR:**

**(1) FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 43 (a)(1)(B)); AND**

**[DEMAND FOR A JURY TRIAL]**

INC, a Nevada Corporation, MUKUND NAIK D/B/A JAY'S SMOKE SHOP & GIFT SHOP, an individual, RYAN STORE INC D/B/A A&A SMOKE SHOP, a Nevada Corporation, MIRACLE 21 CORPORATION D/B/A CIGARETTES FRAGRANCES, a Nevada Corporation, HIGH CLASS HOOKAH SHOP, L.L.C., a Nevada Limited Liability Company, JTR INCORPORATED D/B/A MR. BILL'S PIPE & TOBACCO COMPANY, a Nevada Corporation, and DOES 1 through 100, inclusive,

Defendants.

Plaintiff Outlaw Laboratory, LP, a Texas limited partnership ("OLP" or "Plaintiff"), by and through its undersigned attorneys, submits this Amended Complaint against defendants TREPCO IMPORTS & DISTRIBUTION, LTD. D/B/A TREPCO WEST D/B/A TREPCO SALES COMPANY D/B/A KENNEDY WHOLESALE, a Michigan Corporation ("Trepco"), DAVID WEBBER D/B/A WHOLE SCIENCE HEALTH D/B/A PASSION PLUS, an individual ("Passion Plus"), HILAL SOHAM TOMA D/B/A CITY SMOKES & VAPORS, an individual ("City Smokes"), HIGUCHI DEVELOPER, INC., a Nevada Corporation ("Higuchi"), ALPHA SMOKE SHOP INC, a Nevada Corporation ("Alpha Smoke"), MUKUND NAIK D/B/A JAYS SMOKE SHOP & GIFT SHOP, an individual ("JAYS SMOKE"), RYAN STORE INC D/B/A A&A SMOKE SHOP, a Nevada Corporation ("A&A SMOKE"), MIRACLE 21 CORPORATION D/B/A CIGARETTES FRAGRANCES, a Nevada Corporation ("Miracle"), HIGH CLASS HOOKAH SHOP, L.L.C., a Nevada Limited Liability Company ("High Class Hookah"), JTR INCORPORATED D/B/A MR. BILL'S PIPE & TOBACCO COMPANY, a Nevada Corporation ("Mr Bill's"), and DOES 1 through 100, inclusive, (collectively, the "Defendants"), and in support thereof avers as follows:

**INTRODUCTION**

1. Defendants are engaged in a scheme to distribute and sell illegal "male enhancement" pills containing undisclosed pharmaceuticals to the general public. Specifically, Defendants offer for sale various sexual enhancement products, including but not limited to, Black Mamba, Black Panther, Grande X 5800, Libigrow XXX Treme, Triple PowerZEN Gold, Triple PowerZEN Plus, Rhino 7 Platinum 3000, Rhino 7 Platinum 5000, Rhino 8 Platinum 8000, Rhino 12 Titanium 6000, and OrgaZen 3500 (collectively, the "Enhancement Products"). All of the Enhancement Products have been the subject of laboratory testing and public announcements by the FDA, which found these products to contain hidden drug ingredients such as sildenafil (a prescription drug), desmethyl carbodenafil (an analogue of sildenafil), dapoxetine (an unapproved anti-

depressant drug) and tadalafil (a prescription drug), among other dangerous undisclosed ingredients.

2. The Enhancement products are distributed by Trepco and Passion Plus (the "Supplier Defendants") through a network of co-conspirators, named herein as co-defendants (the "Retail Defendants"), who own and operate independent businesses selling the Enhancement Products, and who profit from the sale of the illegal and dangerous products by making false statements including that the Enhancement Products are "all natural" and have limited side effects. Aside from these patently false statements, Defendants have failed to disclose the true nature of the Enhancement Products to its customers, even though they are aware of the dangerous secret ingredients.

3. Plaintiff is the manufacturer of competing products called "TriSteel" and "TriSteel 8hour," which are DSHEA-compliant male enhancement products made in the United States and distributed for sale in all 50 US States.

4. The illegal male enhancement supplement industry has flourished in the shadows of intermittent enforcement of nutritional supplement laws. In this regard, the FDA has issued several public notices regarding the use of sildenafil in over the counter "male enhancement" supplements, but has only taken action on a handful of cases. The Supplier Defendants and the Retail Defendants have taken full advantage of this regulatory landscape, making significant profits selling dangerous products while openly engaging in illegal activity.

5. Thus, Plaintiff's only recourse is a civil action to protect the commercial interests recognized by the Lanham Act and to expose the civil conspiracy detailed herein. As such, Defendants have knowingly and materially participated in a false and misleading advertising campaign to promote and sell its Enhancement Products, giving consumers the false impression that these products are safe when in reality, Defendants are well aware that the Enhancement Products contain hidden drug ingredients.

6. Defendants' false and misleading statements and advertising pose extreme health risks to consumers in at least two ways. First, Defendants mislead consumers into believing that the advice and authorization of a licensed medical professional is not required to mitigate or avoid the potentially life-threatening side effects, drug interactions and contraindications of the sildenafil and other drug ingredients hidden in the Enhancement Products. Second, by failing to inform consumers that the Enhancement Products contain sildenafil, consumers who know that their medical history and drug prescriptions make sildenafil consumption dangerous may nevertheless consume the Enhancement Products because they are not made aware they contain sildenafil.

7. Defendants have knowingly and materially participated in false and misleading marketing, advertising and labeling to promote and sell the Enhancement Products, giving consumers the false impression that these products are safe and natural dietary supplements when in reality Defendants know that the Enhancement Products contain artificially manufactured prescription drug ingredients that pose extreme health dangers when taken without the supervision of a licensed medical professional.

8. Such false and misleading marketing and advertising is extremely dangerous to individual consumers and harmful to the dietary supplement industry as a whole. Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance but who are not informed, or who are misinformed, of the serious dangers of using Defendants' Enhancement Products. Consumers of the Enhancement Products have little or no incentive to use natural, legitimate and safe sexual performance enhancement products, such as Plaintiff's TriSteel or TriSteel 8hour, until they are harmed or Defendants' Enhancement Products are taken off of the shelves. Defendants' continuing false, misleading, illegal and deceptive practices have violated the Lanham Act and have unjustly enriched Defendants at the expense of Plaintiff, and have harmed Plaintiff's commercial interests, including but not limited to, loss of revenue, disparagement and loss of goodwill.

9. Among other things, this action seeks to enjoin Defendants from the marketing and sale of any and all of the Enhancement Products, disgorgement of Defendants' profits, treble damages, punitive damages and attorneys' fees as Defendants are illegally and falsely marketing such products in violation of the Lanham Act and the Civil Racketeer Influenced and Corrupt Organizations Act of 1970.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction).

11. This Court has personal jurisdiction over Defendants because they have, directly or through their intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised their products, including but not limited to the Enhancement Products, in the United States, the State of Nevada and this district. Defendants have purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district.

## PARTIES

13. Plaintiff Outlaw Laboratory, LP is a Texas limited partnership organized under the laws of the State of Texas.

14. Upon information and belief, Trepco Imports & Distribution, LTD. d/b/a Trepco West d/b/a Trepco Sales Company d/b/a Kennedy Wholesale (hereinafter "Trepco") is a Michigan Corporation with its principal place of business located at 1201 E Lincoln, Madison Hts, Michigan 48071.

15. Upon information and belief, defendant David Webber d/b/a Whole Science Health d/b/a Passion Plus ("Webber") is an individual with its principal place of business located at 2546 E Charleston Blvd, Las Vegas, Nevada 89104.

16. Upon information and belief, defendant Hilal Soham Toma d/b/a City Smokes & Vapors is an individual with its principal place of business located at 1775 E Tropicana Ave Ste 8, Las Vegas, Nevada 89119.

17. Upon information and belief, defendant Higuchi Developer, Inc. is a Nevada Corporation with its principal place of business located at 5151 Procyon St. Suite 108, Las Vegas, Nevada 89118.

18. Upon information and belief, defendant Alpha Smoke Shop, Inc. is a Nevada Corporation with its principal place of business located at 3250 N Tenaya Way Ste 101, Las Vegas, Nevada 89032.

19. Upon information and belief, defendant Mukund Naik d/b/a Jay's Smoke Shop & Gift Shop is an individual with its principal place of business located at 3266 N Las Vegas Blvd, Las Vegas, Nevada 89115.

20. Upon information and belief, defendant Ryan Store Inc d/b/a A&A Smoke Shop is a Nevada Corporation with its principal place of business located at 1040 E Flamingo Rd. Ste E, Las Vegas, Nevada 89119.

21. Upon information and belief, defendant Miracle 21 Corporation d/b/a Cigarettes Fragrances is a Nevada Corporation with its principal place of business located at 4270 Blue Diamond Rd., Ste 106, Las Vegas, Nevada 89139.

22. Upon information and belief, defendant High Class Hookah Shop L.L.C. is a Nevada Limited Liability Company with its principal place of business located at 5651 S Grand Canyon Dr, Ste 120, Las Vegas, Nevada 89148.

23. Upon information and belief, defendant JTR Incorporated d/b/a Mr. Bill's Pipe & Tobacco Company is a Nevada Corporation with its principal place of business located at 2575 Montessouri St., Ste 105, Las Vegas, Nevada 89117.

24. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-100, inclusive, and therefore sued these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

### Sildenafil Is A Prescription Drug

25. Sildenafil nitrate, better known as Viagra, is considered a prescription drug under 21 U.S.C. Section 353(b)(1)(A) & (B). Attached hereto as Exhibit 1 to the Amended Complaint is the Food and Drug Administration website's entry for Sildenafil Citrate under its Approved Drug Products database. As such, Viagra is a drug which

> (A) ***because of its toxicity or other potentiality for harmful effect***, or the method of its use, or the collateral measures necessary to its use, ***is not safe for use except under the supervision of a practitioner licensed by law to administer such drug***; or
>
> (B) ***is limited . . . to use under the professional supervision of a practitioner licensed by law to administer such drug***; ***shall be dispensed only (i) upon a written prescription of a practitioner licensed by law to administer such drug, or (ii) upon an oral prescription of such practitioner which is reduced promptly to writing and filed by the pharmacist***, or (iii) by refilling any such written or oral prescription if such refilling is authorized by the prescriber either in the original prescription or by oral order which is reduced promptly to writing and filed by the pharmacist. The act of dispensing a drug contrary to the provisions of this paragraph shall be deemed to be an act which results in the drug being misbranded while held for sale.

21 U.S.C. § 353(b)(1)(A) & (B) (emphasis added).

26. The FDA has approved sildenafil for treatment of erectile dysfunction. However, because of known side effects, drug interactions and contraindications, the FDA has deemed sildenafil to be a prescription drug that can only be administered under the supervision of a medical professional pursuant to 21 U.S.C. Section 353(b)(1)(A) & (B).

27. The serious side effects of sildenafil include, for example, priapism (i.e., prolonged penile erections leading to tissue death and potential permanent erectile dysfunction), severe hypotension (i.e., low blood pressure), myocardial infarction (i.e., heart attack), ventricular arrhythmias, stroke, increased intraocular pressure (i.e., increased eye fluid pressure), anterior optic neuropathy (i.e., permanent optic nerve damage), blurred vision, sudden hearing loss, and dizziness.

28. The serious negative drug interactions of sildenafil include, for example, (i) interacting with alkyl nitrites and alpha-1 blockers to cause angina and life-threatening hypotension, (ii) interacting with protease inhibitors to increase the incidence and severity of side effects of sildenafil alone, and (iii) interacting with erythromycin and cimetidine to cause prolonged plasma half-life levels.

29. In addition to these risks, contraindications of sildenafil include underlying cardiovascular risk factors (such as recent heart surgery, stroke or heart attack) since consumption of sildenafil by individuals with these conditions can greatly increase the risk of heart attack.

30. Because of these dangerous side effects, drug interactions and contraindications, the advice and authorization of appropriate licensed medical professionals is absolutely crucial for the safe consumption of sildenafil. Without such safeguards, the consequences can be dire; the sale of mislabeled sildenafil in similar circumstances has led to multiple deaths reported in the media.

**<u>Defendants' Scheme To Distribute And Sell Sildenafil Without Prescription</u>**

31. The Supplier Defendants are wholesale suppliers and distributors of various sexual enhancement supplements, which are often imported from China, rarely disclose any manufacturer information on their packaging and contain hidden drug ingredients. The Enhancement Products are generally sold in single-pill form. The Supplier Defendants distribute the Enhancement Products through a network of co-conspirators, named herein as co-defendants (the "Retail Defendants"), who own and operate independent businesses selling the Enhancement Products, and profit from the sale of the illegal and dangerous products to consumers at a large markup on each pill.

32. The Supplier Defendants contact retailers such as the Retail Defendants and offer the Enhancement Products for sale. The Enhancement Products are high-margin products and as such are situated at or near the checkout counter. The Enhancement Products are all subject to FDA public announcements regarding their illicit contents; however, the Retail Defendants still participate in their sale, due to their profitability.

**Defendants' False Statements Regarding The Enhancement Products**

33. City Smokes is the owner and operator of the retail location at 1775 E Tropicana Ave. Ste 8, Las Vegas, Nevada 89119, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Libigrow XXX Treme, Super Panther 7k and Stiff Nights.

34. Higuchi is the owner and operator of the retail locations at 3755 Las Vegas Blvd Ste 105, Las Vegas, Nevada 89109 and 320 Fremont St., Las Vegas, Nevada 89101, which advertise and offers for sale various sexual enhancement supplements, including without limitation, Rhino 12 Titanium 6000, Rhino 69, Libigrow XXX Treme and Rhino 8 Platinum 8000.

35. Alpha Smoke is the owner and operator of the retail location at 3250 N Tenaya Way Ste 101, Las Vegas, Nevada 89032, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 12

Titanium 6000, Super Panther 7K, Rhino 8 Platinum 8000, Rhino 7 Platinum 3000 and Libigrow XXX Treme.

36. Jays Smoke is the owner and operator of the retail location at 3266 N Las Vegas Blvd., Las Vegas, Nevada 89115, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Super Panther 7k, Libigrow XXX Treme and Rhino 69.

37. A&A Smoke is the owner and operator of the retail location at 314 S Decatur Blvd, Las Vegas, Nevada 89107, which advertises and offers for sale various sexual enhancement supplements, including without limitation, OrgaZen 3500, Rhino 8 Platinum 8000, Libigrow XXX Treme and Rhino 7 Platinum 5000.

38. Miracle is the owner and operator of the retail location at 4270 Blue Diamond Rd Ste 106, Las Vegas, Nevada 89139, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Libigrow XXX Treme, Rhino 7 Platinum 5000, Rhino 7 Platinum 3000 and Rhino 8 Platinum 8000.

39. High Class Hookah is the owner and operator of the retail locations at 5651 S Grand Canyon Dr Ste 120, Las Vegas, Nevada 89148 and 2400 S Jones Blvd Ste 15, Las Vegas, Nevada 89146 which advertise and offer for sale various sexual enhancement supplements, including without limitation, Triple Green, Rhino 8 Platinum 8000, Rhino 69 and Libigirl.

40. Mr. Bill's is the owner and operator of the retail location at 4441 W Flamingo Ave, Las Vegas, Nevada 89103, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 5000 and Rhino 8 Platinum 8000.

41. The Defendants commercially market, advertise, distribute, offer for sale and profit from the Enhancement Products. The Enhancement Products claim in writing on their labeling that they are "ALL NATURAL," a "NATURAL FORMULA," with "NO HARMFUL synthetic chemicals" and "NO PRESCRIPTION necessary." They also

claim in writing to offer "NO HEADACHE" and to have limited side effects. However, such claims are materially false and misleading.

42. FDA laboratory analyses have confirmed that the Enhancement Products contain sildenafil. The hyperlink to the FDA's findings that the Enhancement Products contain sildenafil is the following: https://www.fda.gov/Drugs/ResourcesForYou/Consumers/BuyingUsingMedicineSafely/MedicationHealthFraud/ucm234539.htm .

43. The sale of sildenafil, more commonly known as Viagra, without a prescription is prohibited under law. 21 U.S.C. § 331(a). Furthermore, the sale of misbranded drug is a felony if committed to defraud or mislead. 21 U.S.C. § 333(a)(2). Indeed, courts have upheld felony convictions under 21 U.S.C. section 333(a)(2) for distributing misbranded Viagra without prescription, and falsely claiming no prescriptions were necessary. *See, e.g. U.S. v. Bansal*, 663 F.3d 634, 648 n.2, 665-666 (3rd Cir. 2011).

44. To put it simply, Defendants commercially market, advertise, distribute, offer for sale and profit from the sale of Viagra without a prescription. Thus, Defendants' representations of "ALL NATURAL," a "NATURAL FORMULA," with "NO HARMFUL synthetic chemicals" and "NO PRESCRIPTION necessary" are affirmative misrepresentations regarding the Enhancement Products' legality and safety.

45. Defendants' false statements and advertising pose extreme health risks to consumers in at least two ways. First, by stating that no prescription is necessary to consume the Enhancement Products, Defendants mislead consumers into believing that the advice and authorization of a licensed medical professional is not required to mitigate or avoid the potentially life-threatening side effects, drug interactions and contraindications of sildenafil hidden in the Enhancement Products. Second, by failing to inform consumers that the Enhancement Products contain sildenafil, consumers who know that their medical history and drug prescriptions make sildenafil consumption

dangerous may nevertheless consume the Enhancement Products because they are unaware that they contain sildenafil.

46. Accordingly, Defendants' false and misleading advertising is extremely dangerous to individual consumers and harmful to the dietary supplement industry as a whole. Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance but who are not informed, or who are misinformed, of the serious dangers of using Defendants' Enhancement Products. The ubiquity of the Enhancement Products, their relatively low cost to manufacture in comparison to natural products, and their dramatic pharmacologic effects makes it so that manufacturers and suppliers of legitimate sexual performance enhancement products, such as TriSteel or TriSteel 8hour who do not engage in false and misleading advertising, struggle to obtain market share.

**Trepco's Role In Disseminating the False Representations**

47. Pursuant to a January 24, 2018 email from Defendant Higuchi, a true and correct copy of which is attached as Exhibit 2, Trepco supplied Higuchi with Rhino 8 Platinum 8000, Rhino 12 Titanium 6000 and Libigrow XXXTreme. Defendant Higuchi tacitly concedes to offering Rhino 8 Platinum 8000, Rhino 12 Titanium 6000 and Libigrow XXXTreme for sale up until December 19, 2017.

48. Higuchi forwarded a communication from a "David Ruh" of Trepco stating that many stores had "come in to shop" from Trepco, and that "[a]ll the products that we carry are ok otherwise we would not be selling[.]"

49. Furthermore, Trepco offers the Enhanced Products, the labeling of which constitutes written false representations that the Enhanced Products are all natural and/or non-prescription, for sale through its website, www.trepco.com. Attached hereto as Exhibits 3 is a true and correct copies of the salient portion of a "Kennedy Wholesale – A Division of TrepcoWest Order Book" which, as of the time of the filing of Complaint and of the the Amended Complaint, could be downloaded from www.trepco.com/kennedy-

wholesale. Attached as Exhibit 4 is the salient portion of Trepco West Product List which, as of the time of the filing of Complaint and of the the Amended Complaint, could be downloaded from www.trepco.com/trepco-west.

50. Based in part upon Exhibits 2 through 4 attached hereto, Plaintiff is informed and believes and hereupon alleges that Trepco distributed and sold the Enhanced Products beginning no later than 2017 through, at the minimum, the storefronts of Retailer Defendants located in Nevada, and thus caused to enter into interstate commerce false and misleading written misrepresentations that the Enhanced Products were "ALL NATURAL," a "NATURAL FORMULA," with "NO HARMFUL synthetic chemicals" and "NO PRESCRIPTION necessary."

**Webber' Role In Disseminating The False Representations**

51. Webber administers the website passionpluspill.com which touts business with retailers in Utah and Nevada, and actively solicits retailers to "BECOME A DISTRIBUTOR THROUGH OTHER STATES!"

52. On February 17, 2018, KYR Smoke Shop ("KYR") located at 8090 S. Durango Drive #105, Las Vegas, Nevada 89113 faxed from a Postal Annex store to the office of Plaintiff's counsel a copy of an invoice from Webber for Enhanced Products KYR had purchased, as well as Webber's business card identifying www.PassionPlus.Pill.com as his website and touting the products supplied by him as "100% NATURAL." Attached hereto as Exhibit 5 is a true and correct copy of the February 17, 2018 fax.

53. Webber's PassionPlusPill.com website touts business with retailers in Utah and Nevada, and actively solicits retailers to "BECOME A DISTRIBUTOR THROUGH OTHER STATES!"

54. During a February 23, 2018 telephone conversation between the owner of a retailer, KYR Smoke Shop ("KYR") located at 8090 S. Durango Drive #105, Las Vegas, Nevada 89113 and an employee of Plaintiff's counsel, Webber entered the premises of

KYR Smoke Shop and forcibly seized KYR's inventory of Enhancement Products that Webber had sold to KYR. KYR proceeded to alert local law enforcement.

55. Based in part on Exhibit 5 and the February 23, 2018 conversation, Plaintiff is informed and believes and hereupon alleges that Trepco distributed and sold the Enhanced Products beginning no later than 2017 through, at the minimum, the storefronts of Retailer Defendants located in Nevada, and thus caused to enter into interstate commerce false and misleading written misrepresentations that the Enhanced Products were "ALL NATURAL," a "NATURAL FORMULA," with "NO HARMFUL synthetic chemicals" and "NO PRESCRIPTION necessary."

**Plaintiff's Dietary Supplements: TriSteel and TriSteel 8hour**

56. Plaintiff OLP is a manufacturer of DSHEA-compliant dietary supplements. Plaintiff manufactures and offers for sale TriSteel and TriSteel 8hour, male sexual performance enhancement supplements that promote increased sexual desire and stamina. The ingredients in TriSteel are Epimedium Extract (leaves), Yohimbe Extract (8mg Yohimbine Alkaloids), Xanthoparmelia Scarbrosa Extract (Lichen), Gamma Amino Butyric Acid (GABA), L-Arginine, Gelatin, Cellulose, Magnesium Stearate and Silica. Plaintiff sells TriSteel and TriSteel 8hour in all 50 states through its website, as well as through many other online and storefront retail locations.

57. Plaintiff is in direct competition with those who manufacture, sell, distribute and market sexual performance enhancement products. Although Plaintiff supports fair and free competition, false and misleading claims such as those made by Defendants that products containing sildenafil are "NATURAL" and do not require a prescription are patently unfair, as well as mislead consumers to Defendants' competitive benefit and to Plaintiff's competitive injury.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

58. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

59. Defendants have knowingly and purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of the Enhancement Products by, without limitation, commercially marketing and claiming that the Enhancement Products that they sell are safe and natural "dietary supplements" that will enhance a consumer's sexual performance without requiring a doctor's prescription, all while purposefully omitting that (a) the Enhancement Products contain sildenafil and therefore cannot be "dietary supplements," (b) sildenafil is not naturally occurring, (c) sildenafil is a prescription drug requiring the prior authorization and supervision of a licensed medical professional, and (d) consumption of sildenafil without consultation and advice from a licensed medical professional poses extreme health risks, including without limitation, hypotension, heart attack and death.

60. The use of such false, misleading and disingenuous marketing has the tendency to deceive a substantial segment of the public and consumers, including those in this district, into believing that they are purchasing a product with different characteristics.

61. This deception is material because: (i) it is likely to influence a consumer's purchasing decision, especially if the consumer (a) is looking for an all-natural sexual enhancement dietary supplement, (b) is purchasing the Enhancement Products out of an attempt to avoid Sildenafil because the consumer knows that Sildenafil poses special health risks given such consumer's medical history or current drug prescriptions, and/or (c) wants to avoid taking any prescription drugs, generally, but especially without the supervision of a licensed medical professional; and (ii) such decision could lead to dangerous and unanticipated health consequences for such consumers.

62. Defendants have introduced their false and misleading statements into interstate commerce via marketing and advertising on product packages and labels, and on display cases placed in retail locations in the state of Nevada.

63. Plaintiff has been injured as a result of Defendants' false and misleading statements. Specifically, Defendants' false and misleading advertising concerning the Enhancement Products has negatively impacted Plaintiff's sales of TriSteel and TriSteel 8hour because both products are intended for sexual performance enhancement and target the same consumers. Thus, Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendants and the loss of goodwill in Plaintiff's products. The ubiquity of the Enhancement Products, their relatively low cost to manufacture in comparison to natural products (like TriSteel and TriSteel 8hour), and their dramatic pharmacologic effects makes it so that legitimate sexual performance enhancement products, such as TriSteel or TriSteel 8hour, struggle to obtain market share. Moreover, Defendants conduct has created reputational damage in that Defendants' misconduct damages the marketplace as a whole and has the tendency to disparage Plaintiff's products and goodwill.

64. Defendants' actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

## PRAYER

Wherefore, Plaintiff OLP prays for judgment against Defendants as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant from producing, licensing, marketing, and selling any of the Enhancement Products, including but not limited to, Black Mamba, Black Panther, Grande X 5800, Libigrow XXX Treme, Triple PowerZEN Gold, Triple PowerZEN Plus, Rhino 7 Platinum 3000, Rhino 7 Platinum 5000, Rhino 8 Platinum

8000, Rhino 12 Titanium 6000, Super Panther 7k, OrgaZen 3500 and Stiff Nights;

2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;
3. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;
4. For restitution of Defendant's ill-gotten gains;
5. For treble damages in accordance with 15 U.S.C. § 1117;
6. For punitive damages;
7. For costs and attorneys' fees; and
8. Any other relief the Court may deem appropriate.

DATED: May 11, 2018

TAULER SMITH LLP

By: /s/ Kevin Valsi
Kevin Valsi, Esq.
PLAINTIFF
OUTLAW LABORATORY, LP

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: May 11, 2018

TAULER SMITH LLP

By: /s/ Kevin Valsi
Kevin Valsi, Esq.
PLAINTIFF
OUTLAW LABORATORY, LP